IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FORTINET, INC.,<br><br>    Plaintiff,<br>  v.<br>TREND MICRO INCORPORATED, et al.,<br>    Defendants<br>_____/ | No. C-10-0048 MMC<br><br>**ORDER AFFORDING PARTIES OPPORTUNITY TO FILE SUPPLEMENTAL MEMORANDUM RE: DEFENDANTS' MOTION TO DISMISS; CONTINUING HEARING TO MAY 14, 2010** |

    Before the Court is the "Motion to Dismiss Complaint Pursuant to Fed. R. Civ. P. 12(b)(1)," filed March 2, 2010, by defendants Trend Micro Inc., a California corporation, Trend Micro Inc., a Japanese corporation, and Trend Micro Inc., a Taiwanese corporation (collectively, "Trend Micro"). Plaintiff Fortinet, Inc. ("Fortinet") has filed opposition, to which Trend Micro has replied. Upon consideration of the papers filed in support of and in opposition to the motions, the Court finds a hearing would be more productive after the parties have had the opportunity to address in advance an issue not addressed in the parties' respective papers.

    In its complaint, Fortinet alleges claims under the Declaratory Judgment Act, specifically, a claim that it is entitled to a declaration that U.S. Patent No. 5,623,600 ("the '600 Patent") is invalid and unenforceable, and a claim that U.S. Patent No. 5,889,943 ("the '943 Patent") is invalid and unenforceable. Trend Micro contends the Court lacks subject

matter jurisdiction to consider Fortinet's claims, for the asserted reason that Fortinet has failed to plead sufficient facts to support a finding that a case or controversy exists as between Trend Micro and Fortinet. As set forth below, the Court will defer ruling on said dispute.

Assuming, arguendo, a case or controversy exists sufficient to support Fortinet's claims for declaratory relief, the Court nonetheless may decline to hear the matter. As explained by the Supreme Court, "district courts possess discretion in determining whether and when to entertain an action under the Declaratory Judgment Act, even when the suit otherwise satisfies subject matter jurisdictional prerequisites." See Wilton v. Seven Falls Co., 515 U.S. 277, 282 (1995). As further explained by the Ninth Circuit, "[t]his discretion should be employed to avoid uncoordinated and unnecessarily disruptive adjudications of disputes in which state and federal issues are intertwined." See Geni-Chlor Int'l, Inc. v. Multisonics Development Corp., 580 F.2d 981, 985 (9th Cir. 1978).

Here, the very claims made by Fortinet in the instant action have been asserted previously by Fortinet and are the subject of an action currently pending in state court. Specifically, on August 6, 2009, five months before the instant action was filed, Trend Micro filed an action in the Superior Court of the State of California, alleging therein that Trend Micro and Fortinet had entered into an agreement by which Fortinet received a license under both the '600 Patent and the '943 Patent and that Fortinet was in breach of its obligations to pay royalties (see Byrnes Decl., filed March 2, 2010, Ex. 10; Compl. ¶ 31); in response thereto, Fortinet "filed affirmative defenses of invalidity and unenforceability" (see Compl. ¶ 31).

In a state court action for breach of a patent license agreement, the licensee may raise the defense that the patent is invalid or unenforceable, and the state court may adjudicate such a defense. See Lear, Inc. v. Adkins, 395 U.S. 653, 674 (1969) (holding patent licensee sued in state court "must be permitted to avoid the payment of all royalties" if licensee "can prove patent invalidity"; remanding matter to state court to determine merits of licensee's defense that patent was invalid); Dow Chemical Co. v. Exxon Corp., 139 F.3d

1470, 1475-76 and n.4 (Fed. Cir. 1998) (holding state court may resolve issue of whether patentee engaged in "inequitable conduct" when issue is presented in context of "state law claim [ ] grounded in contract or tort"). Both the Federal Circuit and the Ninth Circuit have held that where a licensee has raised or could raise the issue of a patent's validity or enforceability in a pending state court action, it is proper for a district court to exercise its discretion to stay or dismiss a federal action seeking declaratory relief as to the validity or enforceability of that same patent. See Intermedics Infusaid, Inc. v. Regents of the University of Minnesota, 804 F.2d 129, 134-35 (Fed. Cir. 1986) (affirming district court's order staying licensee's claim for declaration of patent invalidity and unenforceability where, although licensee had opportunity to raise such claims as defenses in pending state court action for breach of contract, licensee did not do so; noting, "these issues could have been resolved in the [state court] suit"); Geni-Chlor Int'l, 580 F.2d at 982-83, 985 (holding district court erred in denying motion to stay federal action seeking declaration of patent invalidity in favor of state court proceeding to confirm arbitration award of royalties; stating "declaratory judgment procedure [should not] be used as a device to snatch from the state courts a dispute concerning obligations under a contract").

Here, as noted, Fortinet has raised in the pending state court action the issues of whether the '600 Patent and the '943 Patent are valid and enforceable. Under such circumstances, it would appear appropriate for this Court to decline to exercise any jurisdiction it otherwise would have over the instant action. See id. Because the parties have not addressed such issue, however, the Court will afford the parties an opportunity to do so.

Accordingly,

1. No later than April 23, 2010, Fortinet shall file a supplemental memorandum, not to exceed ten pages in length exclusive of exhibits, to address the issue raised by the Court herein.

2. No later than April 30, 2010, Trend Micro shall file a supplemental reply, not to exceed ten pages in length exclusive of exhibits.

3.  The hearing on Trend Micro's motion to dismiss is hereby CONTINUED to May 14, 2010, at 9:00 a.m.

**IT IS SO ORDERED.**

Dated:  April 7, 2010

_____
MAXINE M. CHESNEY
United States District Judge