IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FORTINET, INC., | No. C-10-0048 MMC |
|       Plaintiff,<br>  v.<br>TREND MICRO INCORPORATED, et al.,<br>      Defendants | **ORDER STAYING ACTION; DENYING WITHOUT PREJUDICE DEFENDANTS' MOTION TO DISMISS; DIRECTIONS TO PARTIES; VACATING MAY 14, 2010 HEARING** |

Before the Court is the "Motion to Dismiss Complaint Pursuant to Fed. R. Civ. P. 12(b)(1)," filed March 2, 2010, by defendants Trend Micro Inc., a California corporation, Trend Micro Inc., a Japanese corporation, and Trend Micro Inc., a Taiwanese corporation (collectively, "Trend Micro"). Plaintiff Fortinet, Inc. ("Fortinet") has filed opposition, to which Trend Micro has replied.

By order filed April 7, 2010, the Court notified the parties that "it would appear appropriate for this Court to decline to exercise any jurisdiction it would have over the instant action" for the reason that claims asserted herein have been asserted in an earlier-filed action pending in the Superior Court of the State of California, in and for the County of Santa Clara, specifically, <u>Trend Micro Inc. v. Fortinet, Inc.</u>, Civil Case No. 1-09-CV-149262. Because the issue of whether the Court should decline to exercise jurisdiction was not addressed in Trend Micro's motion, the Court afforded the parties the opportunity to

address that matter.  Thereafter, each party filed supplemental briefing.

Having read and considered the papers filed in support of and in opposition to the motion, as well as the parties' supplemental submissions, the Court finds the motion is suitable for decision on the parties' respective written submissions, VACATES the hearing scheduled for May 14, 2010, and rules as follows.

For the reasons stated in the Court's April 7, 2010 order, the Court will decline to exercise jurisdiction over the instant action at this time.  As noted in said order, issues presented herein, specifically, (1) whether U.S. Patent No. 5,623,600 is invalid and unenforceable and (2) whether U.S. Patent No. 5,889,943 is invalid and unenforceable, have been raised in the earlier-filed state court action and are pending before that court. See Wilton v. Seven Falls Co., 515 U.S. 277, 282 (1995) (holding "district courts possess discretion in determining whether and when to entertain an action under the Declaratory Judgment Act, even when the suit otherwise satisfies subject matter jurisdictional prerequisites"); see, e.g., Geni-Chlor Int'l, Inc. v. Multisonics Development Corp., 580 F.2d 981, 982-83, 985 (9th Cir. 1978) (holding, where federal action sought declaration of patent invalidity, district court erred in denying motion to stay, in light of earlier-filed state court proceeding to confirm arbitrator's award of royalties; stating "declaratory judgment procedure [should not] be used as a device to snatch from the state courts a dispute concerning obligations under a contract").

Fortinet argues that in the event the Court finds it appropriate to decline to exercise jurisdiction, the Court should stay, rather than dismiss, the action.  In support thereof, Fortinet points out that Fortinet additionally seeks herein declaratory relief as to an issue not presented in the state court proceeding, in particular, a declaration that its products do not infringe the claims of the above-referenced patents

As a number of courts have recognized, "a stay rather than a dismissal is the preferred mode of abstention where the possibility of a return to the federal court remains." See, e.g., Capitol Indemnity Corp. v. Haverfield, 218 F.3d 872, 875 n.2 (8th Cir. 2000) (citing cases); United Artists Theatre Circuit, Inc. v. Federal Communications Comm'n, 147

F. Supp. 2d 965, 978 n.9 (D. Ariz. 2000) (observing that "[i]n the event the state court action does not resolve the controversy before the federal court, lifting the stay puts the parties back in the same position they were in before the decision to abstain"); see also Fox v. Maulding, 16 F.3d 1079, 1083 (10th Cir. 1994) (holding in context of abstention under "Colorado River doctrine," the "better practice is to stay the federal action pending the outcome of the state proceedings"; observing, "[i]n the event the state court proceedings do not resolve all the federal claims, a stay preserves an available federal forum in which to litigate the remaining claims, without the plaintiff having to file a new federal action"). Here, there exists at least a possibility that at the conclusion of the state court proceedings, the parties will return to this Court, irrespective of whether the state court finds the subject patents invalid or unenforceable. Consequently, the Court finds it appropriate to stay the instant action until the proceedings in the state court action have concluded.

In light of the stay, the Court will deny Trend Micro's motion to dismiss, without prejudice to Trend Micro's renoticing the motion in the event further proceedings are necessary in this action after such stay is lifted.

**CONCLUSION**

For the reasons stated above:

1. The instant action is hereby STAYED pending the conclusion of <u>Trend Micro Inc. v. Fortinet, Inc.</u>, Civil Case No. 1-09-CV-149262.

2. The parties are DIRECTED to file a joint status report no later than May 13, 2011, and every six months thereafter, to inform the Court of the status of the state court proceeding.

3. Trend Micro's motion to dismiss is hereby DENIED without prejudice.

**IT IS SO ORDERED.**

Dated: May 12, 2010

MAXINE M. CHESNEY
United States District Judge

3